

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MESHEA RODGERS                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 5:18-CV-82-DCB-MTP

MANAGEMENT & TRAINING                                                                  DEFENDANT
CORPORATION

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW the Plaintiff, Meshea Rodgers, by and through counsel, and files this Complaint against the Defendant Management & Training Corporation (hereinafter "MTC") and, in support for relief sought herein would show unto the Court the following:

### PARTIES

1. Plaintiff, Meshea Rodgers, was at all material and relevant times, an adult resident citizen of Catahoula Parish, Louisiana, wherein she is currently domiciled.

2. Defendant, MTC, is a Delaware corporation who maintains its principal place of business in the state of Utah and was at all times relevant to this Complaint in a contractual arrangement in whole or in part in the State of Mississippi with the Mississippi Department of Corrections, Wilkinson County, and contracted to operate the Wilkinson County Correctional Facility in Woodville, Wilkinson County, Mississippi.

### JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. The claims and occurrences, which are set forth herein, took place, arose, accrued or occurred, in whole or in part, in Wilkinson County, Mississippi, such that this Court is vested with proper venue and personal

jurisdiction. Subject matter jurisdiction exists inasmuch as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.      Plaintiff, at all times relevant herein, is a licensed practical nurse who is licensed in the State of Mississippi and was working at the Wilkinson County Correctional Facility on or about July 26, 2016. It is the Plaintiff's contractual duty to provide nursing services to the inmates of the correctional facility which is under the contractual arrangement and operated by MTC.

## MATERIAL FACTS

5.      On or about July 26, 2016, the Plaintiff was attending to her duties of going cell to cell to dispense medications to inmates, all of which are considered dangerous, at the facility. Under the rules and regulations by which MTC was to escort Plaintiff, it was the responsibility of MTC to provide two properly trained personnel to escort Plaintiff while she was dispensing medications to inmates. In place at the time were further rules and regulations and various protocols for the officers hired and placed by MTC to insure that any and all inmates tray flaps were to be locked. However, on July 26, 2016, MTC, through its employees, wholly failed to follow its own rules, regulations and protocols to protect the Plaintiff, who was in a helpless state, from assaults committed by violent inmates.

6.      Due to the negligent acts or omissions of MTC and its employees and representatives, an inmate was improperly and negligently secured and/or was otherwise allowed to attack Plaintiff, threw boiling urine through his tray flap, covering Ms. Rodgers, and causing first, second, and third degree burns to her right forearm and abdomen, causing severe physical and emotional trauma and injuries. Furthermore, only one officer was escorting Plaintiff when the attack occurred. Unfortunately, this was not the first time Plaintiff had been assaulted at the

prison. Just nine days prior to the assault on July 26, 2016, Plaintiff was assaulted by a different inmate when that inmate's tray flap was left open. Shockingly, MTC failed to protect Plaintiff even though a similar assault had just taken place.

7. MTC wholly failed to properly train and/or supervise its employees to ensure Plaintiff's safety by failing to follow its rules, regulations and protocols set in place to protect Plaintiff from any such incident as that which occurred on July 26, 2016.

## COUNT 1: NEGLIGENCE OF MTC

8. In its duty to protect the Plaintiff, MTC was required to possess and exercise that degree of reasonable skill and care to properly supervise and train its employees and protect Plaintiff. Due to MTC's failure to properly train, supervise or otherwise instruct its employees to follow any and all rules, regulations and protocols concerning the inmates to be presented to Plaintiff, MTC breached its duty to Plaintiff, including but not limited to, the following respects:

   a. MTC did improperly and imprudently create the situation where the physical injury to Plaintiff was caused by allowing an inmate to attack Plaintiff;

   b. MTC improperly failed to recognize the dangerous condition posed by the inmate and to ensure that the proper rules, regulations and protocols for safety of Plaintiff were performed;

   c. MTC improperly and negligently failed to recognize that the attack was taking place and to otherwise protect Plaintiff once the attack began, all as a result of the negligence of MTC and its employees;

   d. MTC is vicariously liable for its employees' negligent performance of their tasks; and

e.  Such other acts, omissions, conduct or misconduct as may be shown at the trial of this matter.

9.  MTC is a sophisticated company involved in placing contracts with Departments of Correction throughout the United States and several in the state of Mississippi, including the Wilkinson County Correctional Facility, where the negligence occurred.

## COMPENSATORY DAMAGES

10.  As the direct and proximate result of the aforesaid negligence, acts or omissions to acts by MTC and its employees, Plaintiff is entitled to recover any and all actual and compensatory damages for the following:

a.  Physical injury and damage to Plaintiff;

b.  Past and future pain and suffering;

c.  Lost wages and earning capacity;

d.  Disability;

e.  Loss of capacity for enjoyment of life;

f.  Past and future medical expenses incurred by the Plaintiff in undergoing care and treatment;

g.  Pain and suffering associated with the physical and emotional damage caused by the Defendant;

h.  Physical, mental and emotional pain and suffering by the Plaintiff, all as a result of the actions or omissions to act of the Defendant;

i.  Such other actual and compensatory damages as a jury of Plaintiff's peers may deem appropriate under the circumstances.

## PUNITIVE DAMAGES

11. The acts or omissions of Defendant were so egregious to rise to gross negligence evidencing a willful, wanton or reckless disregard for the safety of Plaintiff in her helpless state, and for which Defendant knew or should have known that a violent assault by a dangerous inmate would occur. Accordingly, punitive damages should be awarded to Plaintiff for an amount as deemed appropriate by a jury of Plaintiff's peers.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Meshea Rodgers, by and through her counsel, brings this action and demands judgment of, from and against the Defendant, MTC, for such actual and compensatory damages, as well as punitive damages, which are claimed in excess of the jurisdictional threshold of this Court and as to be determined by a jury of her peers, along with all costs, including reasonable attorneys' fees and expenses for this action, plus pre-taxed judgment and post-judgment interest and earnings.

Respectfully submitted this the 26 day of July, 2018.

           MESHEA RODGERS

           BY: WATKINS & EAGER PLLC

BY: _____
       Clifford B. Ammons, MSB #1556
       James M. Tyrone, MSB #102381
       Clifford B. Ammons, Jr., MSB# 102964

OF COUNSEL:

WATKINS & EAGER PLLC
The Emporium Building
Post Office Box 650
Jackson, Mississippi 39205
Telephone: 601/965-1900
Facsimile: 601/965-1901
cammons@watkinseager.com
mtyrone@watkinseager.com
ammonsjr@watkinseager.com