IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MESHEA RODGERS                                                                                              PLAINTIFF

VS.                                                                                      CAUSE NO. 5:18-cv-82-DCB-MTP

MANAGEMENT & TRAINING
CORPORATION                                                                                              DEFENDANT

## ANSWER AND DEFENSES OF
## MANAGEMENT & TRAINING CORPORATION

COMES NOW Defendant Management & Training Corporation, by and through counsel, and responds to Plaintiff's Complaint against it, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant further raises all defenses under Rule 12(b)(1)-(7) of the Federal Rules of Civil Procedure in response to Plaintiff's Complaint against it and moves to dismiss pursuant thereto, as applicable.

### SECOND DEFENSE

Without waiving the right to first be heard on the foregoing defenses, Defendant responds to the allegations contained in Plaintiff's Complaint, paragraph by paragraph, as follows:

### PARTIES

1. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, the same are denied.

2. It is admitted that MTC is a Delaware corporation with its principal place of business in Utah, and that MTC at all relevant times provided corrections and supervision services at

Wilkinson County Correctional Facility ("WCCF") pursuant to its contract with the Mississippi Department of Corrections. The remaining allegations contained in Paragraph 2 of the Complaint are denied as stated.

## JURISDICTION AND VENUE

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied as stated.

4.      It is admitted that Plaintiff was working as a nurse at WCCF on or about July 26, 2016. Defendant is currently without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, and, therefore, the same are denied.

## MATERIAL FACTS

5.      It is admitted that on July 26, 2016, Plaintiff was employed as a nurse at WCCF. The remaining allegations contained in Paragraph 5 of Plaintiff's Complaint are denied as stated.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are denied as stated.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

## COUNT 1: NEGLIGENCE OF MTC

8.      The allegations contained in Paragraph 8, including those allegations contained in subparagraphs (a) through (e) of Plaintiff's Complaint are denied as stated, and Defendant denies all liability in the premises.

9.      Defendant admits it provides corrections and supervision services at WCCF and other facilities in the State of Mississippi pursuant to contracts it has with MDOC. The remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied as stated, and Defendant denies all liability in the premises.

### COMPENSATORY DAMAGES

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint, including those allegations contained in subparagraphs (a) through (i), are denied.

### PUNITIVE DAMAGES

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

In response to the last unnumbered paragraph of Plaintiff's Complaint beginning with the word, "WHEREFORE," Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever from Defendant.

### THIRD DEFENSE

AND NOW having responded to the allegations of Plaintiff's Complaint and having denied all liability in the premises, Defendant would show unto the court the following special and affirmative matters:

### FIRST AFFIRMATIVE DEFENSE

All allegations contained in Plaintiff's Complaint which are not specifically admitted are denied.

### SECOND AFFIRMATIVE DEFENSE

Defendant committed no wrongful act or omission that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff; Defendant breached no legal duty owed to Plaintiff, if any; Defendant did not cause Plaintiff to sustain damages and/or injuries; and Defendant demands the suit filed against it be dismissed with all costs taxed to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant would affirmatively show that the sole proximate cause of the alleged incident,

damages, and injuries, if any, was the result of the negligence and/or intentional acts of the Plaintiff or others for whom Defendant can have no responsibility. Alternatively, the Plaintiff's negligence was a proximate contributing cause which must be dealt with according to the Mississippi Law of Comparative Negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of her injuries.

## FIFTH AFFIRMATIVE DEFENSE

Defendant hereby invokes the provisions of MISS. CODE ANN. § 85-5-7, and pleads that Plaintiff's damages, if any, should be reduced by the negligence of Plaintiff and/or any other potential tortfeasor currently not a party to this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to use reasonable care to mitigate damages, and any damages that could have been mitigated by the use of reasonable care and were not, are not recoverable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have suffered from pre-existing conditions not caused or contributed to by the accident in question and, if so, damages for pre-existing conditions are not recoverable.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction or set off to the extent the Plaintiff has received and may receive payment or compensation from any other entity with regard to this matter.

## NINTH AFFIRMATIVE DEFENSE

Defendant invokes and asserts all protections, defenses and limitations and caps set forth in the Mississippi Tort Reform Act, as codified at MISS. CODE ANN. § 11-1-60.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint seeks damages which are not recoverable under the law, including, but not limited to, attorney's fees, pre-judgment interest, and post-judgment interest.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and Defendant is not guilty of any tortious conduct or omission. The actions taken by Defendant were taken in good faith and in good faith reliance upon then-existing state and federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

The subject incident and all direct injuries or losses allegedly caused thereby were the result of an intervening or superseding cause for which Defendant cannot be held liable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

There is no act or omission or any type of gross negligence or willful or wanton conduct that would give rise to the imposition of punitive damages in this case or even the consideration of the same. Defendant raises all provisions of MISS. CODE ANN. § 11-1-65 in response to the Plaintiff's claim for punitive damages, if any, and the same should be dismissed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant incorporates by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the Due Process Clause and Excessive Fines Clause,

and the standards are not clear and, therefore, the imposition of punitive damages against Defendant is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution.  Further, certain damages sought by Plaintiff and the imposition thereof would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant pleads credit or setoff for any amounts paid to Plaintiff regarding the claims asserted herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join indispensable parties in order to properly adjudicate this matter, as set forth by Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint may be barred by the applicable statute of limitations, statutes of repose, the doctrine of laches, waiver, and/or estoppel, release, and/or failure to meet any other and further applicable filing deadlines.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses which may become available or apparent during discovery in this action, and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Management & Training Corporation requests that it be dismissed from this action, with prejudice, with all costs to be assessed to the Plaintiff.

Respectfully submitted, this the 17th day of August, 2018.

                              MANAGEMENT & TRAINING CORPORATION, DEFENDANT

                              BY:   /s/   *Steven J. Griffin*
                                        OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR #103218
sgriffin@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI   39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116

## **CERTIFICATE OF SERVICE**

I, Steven J. Griffin,  hereby certify that on **August 17, 2018**, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

      Clifford B. Ammons, Esq.
      cammons@watkinseager.com

      James M. Tyrone, Esq.
      mtyrone@watkinseager.com

      *Attorneys for Plaintiff*

THIS, the 17th day of August, 2018.

                              /s/   *Steven J. Griffin*
                              STEVEN J. GRIFFIN