IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MESHEA RODGERS                                                                                      PLAINTIFF

VS.                                                                         CAUSE NO. 5:18-CV-82-DCB-MTP

MANAGEMENT & TRAINING
CORPORATION                                                                                        DEFENDANT

### PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

COMES NOW the Plaintiff, Meshea Rodgers, by counsel and pursuant to MISS. CODE. ANN. § 71-3-71, and respectfully requests the approval of an offer of compromise and settlement submitted to Plaintiff and the Employer/Carrier on behalf of the Defendant. In support thereof, Plaintiff states as follows:

1.     Plaintiff Meshea Rodgers claims she was injured on July 26, 2016, when an inmate at Wilkinson County Correctional Facility ("WCCF") assaulted her with a scalding liquid substance through his cell door's tray flap as she was distributing medications on his housing unit.

2.     At the time of the subject incident, Plaintiff was a licensed practical nurse ("LPN") employed by MHM Services, Inc., d/b/a Centurion of Mississippi ("Centurion"), a contractor retained by the Mississippi Department of Corrections ("MDOC") to provide medical services to inmates housed at WCCF.

3.     On July 26, 2018, Plaintiff filed the above-referenced civil action against Defendant Management & Training Corporation ("MTC"), alleging her injuries were caused by Defendant's negligence and seeking to recover damages arising out of the subject incident. Reference is made to those pleadings and discovery which are of record herein and which are well-known to this Court.

4.	At the time of the subject incident, Plaintiff's employer, Centurion, maintained workers' compensation insurance coverage through American Zurich Insurance Company ("Zurich"). Pursuant to the Mississippi Workers' Compensation Law, the Employer/Carrier has paid workers' compensation benefits to or on behalf of Plaintiff for indemnity and medical treatment totaling $48,718.50.

5.	Plaintiff contends, and would represent, that she is entitled to receive compensation from Defendant MTC as a result of the subject incident occurring on July 26, 2016, due to the Defendant's alleged negligence. However, the claim is disputed by Defendant, which denies any liability whatsoever for Plaintiff's damages arising from the subject incident. In any event, the extent of Plaintiff's entitlement to damages as a result of the subject incident, if any, is not capable of exact determination.

6.	Negotiations have been had for a complete compromise and settlement of any and all claims Plaintiff has against Defendant, as well as those claims for subrogation rights and right to reimbursement of the Employer/Carrier. Plaintiff has agreed to accept, and Defendant has indicated a willingness to pay, a confidential sum, to be disclosed only by Court order and/or for the Court's *in camera* review, in complete compromise and settlement of any and all claims and demands of Plaintiff against Defendant and all other parties in privity with them, as well as those claims for subrogation rights and right to reimbursement of the Employer/Carrier, arising out of the subject incident.

7.	Pursuant to the provisions of MISS. CODE ANN. § 71-3-71, an injured employee and the employer and carrier have a right to maintain an action at law against a third party responsible for the employee's injuries and damages. Employer/Carrier, as stated above, have made workers' compensation indemnity and medical expenses payments to and on behalf of Plaintiff and,

therefore, have a statutory lien or subrogation interest herein. Further, § 71-3-71 provides that if a third-party suit is filed and a settlement is reached before the trial thereof, said settlement shall be subject to the approval of the court wherein such action is pending. A settlement of all claims of Plaintiff and Employer/Carrier against Defendant is appropriate under § 71-3-71 and subject to the jurisdiction of this Court.

8. Plaintiff represents that it would be in her best interest if the compromise settlement, as presented to the Court, be approved and concluded, it being understood and provided that payment of such sum effects a full and complete release and compromise settlement of any and all claims and demands whatsoever on account of, or arising out of, the injuries alleged herein by Plaintiff against Defendant MTC and all of its agents, employees, insurers, predecessors, successors, subsidiaries, and any other parties in privity with them, including, but without being limited to, claims for any and all medical expenses, lost wages, and other items of expense, past, present, and future, claims for disabilities or permanent disfigurement, and claims of Plaintiff's employer's workers' compensation carrier, Zurich, for reimbursement or exoneration, as well as any other subrogation rights of said parties against said Defendant.

9. As a further condition of this settlement, the workers' compensation carrier, Zurich, has agreed to accept a confidential sum, to be disclosed only by Court order and/or for the Court's *in camera* review, as a complete compromise of any and all claims or rights of subrogation or reimbursement and exoneration it may have against Defendant MTC due to the injuries sustained by Plaintiff as a result of the subject incident. Plaintiff's prior claim for workers' compensation benefits was resolved with approval of the Mississippi Workers' Compensation Commission on October 31, 2018. Plaintiff has further agreed that, in consideration of Zurich's acceptance of said compromise, Plaintiff does hereby release, discharge, and acquit said Employer/Carrier from any

{D1191363.1}

and all further claims under the provisions of the Mississippi Workers' Compensation Act or otherwise, past, present, or future, known or unknown.

10.     Plaintiff avers, stipulates, and represents to the Court that no medical bills or expenses of any kind and/or nature related to injuries alleged to have been sustained in the subject incident by Plaintiff have been paid by Medicare or Medicaid.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court fully consider the matters represented herein and enter an Order approving the settlements herein and dismissing these claims against Defendant with prejudice.

Respectfully submitted, this the 15th day of May, 2019.

                        MESHEA RODGERS, Plaintiff

By:   /s/ *Clifford Ammons, Jr.*
        CLIFFORD B. AMMONS (MSB #1556)
        CLIFFORD B. AMMONS, JR. (MSB #102964)
        CHARLES R. MULLINS (MSB #9821)

CLIFFORD B. AMMONS – MS Bar #1556
CLIFFORD B. AMMONS, JR. – MS Bar #102964
Watkins & Eager, PLLC
400 East Capitol Street (39201)
P.O. Box 650
Jackson, MS 39205
Phone: 601-965-1900
Fax: 601-965-1901
cammons@watkinseager.com
ammonsjr@watkinseager.com

CHARLES R. MULLINS – MS Bar #9821
Coxwell & Associates, PLLC
P.O. Box 1337
Jackson, MS 39215-1337
Phone: 601-948-1600
chuckm@coxwelllaw.com

## CERTIFICATE OF SERVICE

I, Clifford Ammons, Jr., do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Court's CM / ECF system which sent notification of such filing to all counsel of record.

This the 15th day of May, 2019.

/s/ *Clifford Ammons, Jr.*
CLIFFORD AMMONS, JR.

{D1191363.1}